THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VÍCTOR DE JESÚS FRANQUI, Defendant and Appellant.

No. CR-68-66.     Decided October 23, 1968.

*Elizabeth Armstrong Watlington, Enrique Miranda Merced,* and *Julio García Antique* for appellant. *Rafael A. Rivera Cruz, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

About eleven o'clock in the morning of January 4, 1967 a state policeman was patrolling on his motorcycle the Caguas-Aguas Buenas highway. He observed a small Consul automobile parked at the edge of the highway. Part of the vehicle occupied about two feet of the road area and the other part occupied the walk. He stopped and noted that the vehicle was empty, the windows were down, the doors unlocked and the ignition key inserted. Nobody was nearby. Suspecting that it was a stolen vehicle, the policeman opened the door and searched for some document or sign by which to identify the owner of the vehicle. He used the ignition key and with it he opened the glove compartment and found there a yellow bag in which there were some small envelopes which contained a substance similar to cut tobacco which smelled like oregano. He took the bag and then saw appellant, Víctor de Jesús Fran-

qui, coming. The policeman asked him whether he was the driver of the vehicle. He admitted being the driver and then the policeman told him "here in this vehicle I found drugs." He took appellant to the police station as well as the Consul vehicle which was operated by a driver requested by the policeman. Upon arriving at the police station the policeman told Sergeant Benedicto, "I have this gentleman here, I suspect that this is a drug."

The contents of the small envelopes were submitted to chemical analysis and it was positive of marihuana.

Appellant was accused of two violations of the Drugs Act of Puerto Rico. He was not accused of violating the Vehicle and Traffic Law.

At the commencement of the trial by the court and also after the evidence for the prosecution was presented, appellant requested the suppression of the evidence seized in his vehicle on the ground that it was the product of an illegal search. The court dismissed this contention and finally found him guilty of both charges and rendered suspended sentence against him ordering him to serve concurrently from 5 to 7 years in the penitentiary.

The question for determination is whether the search of appellant's automobile carried out by the policeman was reasonable.

A search incidental to a legal arrest is not involved herein. The record shows that appellant was arrested for the possession of the narcotic drug known as marihuana. His arrest was performed after the search. The reason for the arrest is inferred from the policeman's testimony itself. Remember that when appellant approached his vehicle, the policeman asked him whether he was the driver and when the former answered affirmatively, he told him: "here in this vehicle I found drugs." Upon taking him to the police station the policeman told Sergeant Benedicto, "I have this gentleman here, I suspect that this is a drug."

█ The mere commission of a minor traffic offense, which was what happened here, does not authorize the search of the vehicle. *People* v. *Sosa Díaz*, 90 P.R.R. 606 (1964). Did the policeman have grounded reasons and therefore probable cause to perform a reasonable search of appellant's vehicle? The facts and attendant circumstances show that he did not. His purpose, in performing the search was to find some document which would reveal the identity of the owner or driver of said vehicle. He could obtain this from the number of the license plate and the sticker adhered thereto, at least as to the identity of the owner of the vehicle once the corresponding investigation was practiced. On other occasions the same result is obtained with the number of the vehicle's motor. In any event the vehicle's parking did not interrupt the traffic along the highway. It was a small automobile which occupied two feet of the road's area and because of the width of the road at that place, it did not constitute an obstruction to the traffic. The mere suspicion of the policeman that the vehicle might have been stolen, on the ground that it was open and the ignition key was inserted, does not justify the search. The policeman did not suspect that the vehicle in question was utilized to transport drugs or any other criminal material.

The sections of the Vehicle and Traffic Law, cited by the Solicitor General in his report, would constitute an additional argument of great weight against the reasonability of the search of appellant's vehicle.

Section 5-710(a) of said Act (9 L.P.R.A. § 1020(a)) provides:

"(a) Whenever a vehicle is parked in violation of the provisions of this chapter the Police shall take reasonable steps in the immediate area to locate its driver and see that he moves it. If said driver cannot be located, the Police shall be empowered to remove the vehicle by whatever means to some place visible from the point of removal, where it can be lawfully parked. If

no such place is available, in the judgment of the Police, said vehicle shall be removed by the use of a crane or other mechanical device or by any other adequate means, as provided in the following subsection."

Section 9-105 (b) of the same statute (9 L.P.R.A. § 1495 (b) ) provided before it was repealed by Act No. 111 of June 27, 1964:

"(b) Whenever a motor vehicle or trailer is caught without a driver, parked or stopped in violation of any law, regulation, or municipal ordinance on traffic, the peace officer intervening in the case shall take note of the make and number plate of the vehicle, and any other information that may help to identify the vehicle and the person committing the violation, and shall post in a conspicuous place in such vehicle a written notice requiring the appearance of said person to make his plea before the part of the District Court of Puerto Rico corresponding to the place where the violation was committed on the date specified in the notice, which date shall not be sooner than five (5) days nor later than fifteen (15) days counting from the day of such notice. The notice referred to in this section shall be prepared by using the last copy of the ticket form to which section 1491 of this title refers. In these cases, the denouncer shall transmit to the clerk of the corresponding part of the District Court the original and a copy of the complaint or ticket."

These sections of the Vehicle and Traffic Law pointed out the action to be taken by the police whenever they would catch a motor vehicle without the driver which had been parked in violation of the law. That law did not authorize the search of the vehicle. In the absence of other circumstances which may make it reasonable, the search of a vehicle for the mere fact that it is parked in violation of the law, without driver, open, and with the ignition key inserted, does not make it a reasonable search.[1]

We conclude, therefore, that the evidence (marihuana) seized in appellant's vehicle was the product of

---

[1] For a more elaborate discussion on the reasonability of the search of a motor vehicle, see *People* v. *De Jesús Robles*, 92 P.R.R. 333 (1965).

an unreasonable search and consequently inadmissible in evidence.

The judgment appealed from will be reversed and another rendered acquitting appellant.